NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANTHONY W., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.K., L.K., *Appellees*.

No. 1 CA-JV 17-0330
FILED 12-28-2017

Appeal from the Superior Court in Mohave County
No. B8015JD201604042
The Honorable Rick A. Williams, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

---

**W I N T H R O P**, Presiding Judge:

**¶1**          Anthony W. ("Father") appeals the juvenile court's order terminating his parental rights to his two children: A.K., born in 2005, and L.K., born in 2014.[1]  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY[2]

**¶2**          In 2011, Father was indicted for child abuse and possession of drug paraphernalia.  Father later pleaded guilty to child abuse.  During the investigation related to Father's charges, officers discovered methamphetamine and drug paraphernalia in the family's home.  The home also was filled with trash and debris.  At that time, Child Protective Services ("CPS") initiated a dependency action and A.K. was found dependent.[3]  Both parents completed their services, and the child was returned to the parents' care in 2012.

**¶3**          In May 2016, the parents were arrested on outstanding warrants.  Both parents showed signs of substance abuse and the family was being evicted from their home, which was in deplorable condition. DCS took temporary custody of both children and initiated a dependency

---

[1]      Mother's parental rights to both children were also severed.  Mother is not a party to this appeal; accordingly, our recitation of the facts and analysis of the issues in this appeal are limited to Father.

[2]      We view the record in the light most favorable to sustaining the juvenile court's order. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009).

[3]      CPS was formerly a division of the Arizona Department of Economic Security ("ADES").  In May 2014, CPS was removed as an entity within ADES and replaced by the Department of Child Safety ("DCS"), an entity outside of ADES. *See* 2014 Ariz. Sess. Laws, ch. 1, §§ 6, 20, 54 (2d Spec. Sess.).

action, alleging grounds of neglect and substance abuse. Two months later, the juvenile court found the children dependent as to both parents.

¶4 DCS provided Father services to address his substance abuse, including three referrals to a substance abuse assessment and treatment program, counseling services, substance abuse classes, and drug testing. The juvenile court found these, coupled with Father's other services, to be reasonable efforts aimed at reunification. Prior to the severance hearing, Father did not object that the services he was offered were insufficient. Father did not initially participate in the substance abuse assessment, and, on his third referral for assessment, he denied use of illegal substances. As a result, Father was not recommended for treatment or further rehabilitative services. Father did not engage in drug testing as DCS required, and, when he tested, he was positive for illegal substances. Father, however, attended "most" of his counseling appointments and substance abuse classes.

¶5 In February 2017, the juvenile court changed Father's case plan to severance and adoption. DCS moved to sever Father's parental rights, alleging neglect and substance abuse grounds as to both children under Arizona Revised Statutes ("A.R.S.") §§ 8-533(B)(2) and -(B)(3), respectively, and time-in-care grounds under A.R.S. § 8-533(B)(8)(a) as to A.K., and -(B)(8)(b) as to L.K. In May 2017, the juvenile court held a severance hearing and issued its ruling terminating Father's parental rights to the children on all grounds alleged. The court also found that termination of Father's parental rights was in the children's best interests.

¶6 Father timely appealed. We have jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9 and A.R.S. §§ 8-235(A), 12-2101(A), and 12-120.21(A).

**ANALYSIS**

*I.    Sufficient Evidence Supports Severance Based on Substance Abuse*

¶7 Relying on *Jennifer G. v. Arizona Department of Economic Security*, 211 Ariz. 450 (App. 2005), Father argues the juvenile court erred in finding grounds for severance under A.R.S. § 8-533(B)(3) because his participation in counseling services and substance abuse classes demonstrated he was "amenable to rehabilitative services."

¶8 A court may sever a parent's rights to his or her children if it finds by clear and convincing evidence one of the statutory grounds for severance in A.R.S. § 8-533(B), and by a preponderance of the evidence that

severance is in the children's best interests. A.R.S. § 8-533(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 281-82, 288, ¶¶ 7, 41 (2005). We review an order terminating parental rights for an abuse of discretion and will affirm if the order is supported by sufficient evidence in the record. *Calvin B. v. Brittany B.*, 232 Ariz. 292, 296, ¶ 17 (App. 2013).

**¶9** Section 8-533(B)(3) requires clear and convincing proof that a parent "is unable to discharge parental responsibilities because of . . . a history of chronic abuse of dangerous drugs, controlled substances or alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." When severance is sought on this ground, the court also must find that DCS "made reasonable efforts to reunify the family or that such efforts would have been futile." *Jennifer G.*, 211 Ariz. at 453, ¶ 12. (citation omitted).

**¶10** As a part of DCS' obligation to make reasonable reunification efforts, this court recognized in *Jennifer G.* an "implicit requirement" that termination based on substance abuse requires that "the condition from which the parent suffers be proven not to be amenable to rehabilitative services." *Id.* at 453 n.3, ¶ 12 (internal quotation omitted). In so holding, we adopted the analysis of *Mary Ellen C. v. Arizona Department of Economic Security*, 193 Ariz. 185 (App. 1999), which further requires that DCS provide such rehabilitative services if the services "could restore [the] parent's ability to care for a child within a reasonable time." *Id.* at 191, ¶ 31.

**¶11** Here, Father does not argue, let alone point to any evidentiary support, that rehabilitative services could restore his ability to care for the children within a reasonable time. Father has had a documented history of substance abuse since 2011; however, during the latest dependency, he denied his addiction to both a service provider and DCS. In fact, Father did not admit to his substance abuse until one month before the severance hearing. Further—and despite his participation in counseling and substance abuse classes—Father tested positive for illegal substances throughout the dependency, and as recently as a few days before the severance hearing in May 2017.[4] Moreover, Father failed to successfully complete a single service offered by DCS that was related to helping him address his substance abuse issues. On this record, sufficient evidence supports the juvenile court's finding that Father's substance abuse would

---

[4] The case manager additionally testified that Father submitted diluted test samples, which suggests he was attempting to hide his use.

continue for a prolonged indeterminate period "due to [his] failure to address it." Accordingly, the court did not err in terminating Father's parental rights under A.R.S. § 8-533(B)(3).[5]

## II. Severance is in the Children's Best Interests

**¶12** Father argues insufficient evidence supports the juvenile court's finding that termination was in the children's best interests. To establish that severance would be in a child's best interests, the court must find either that the child will benefit from termination or that the child will be harmed by continuation of the parental relationship. *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 6 (App. 2004). To determine whether a child would benefit, the court should consider relevant factors such as whether the current placement is meeting the child's needs, *Maricopa Cty. Juv. Action No. JS-8490*, 179 Ariz. 102, 107 (1994), and whether the child is adoptable, *Oscar O.*, 209 Ariz. at 334, ¶ 6.

**¶13** Father relies on counsel's argument at the termination hearing to support his contention. Counsel's argument, however, is not evidence. Although the case manager testified to possible challenges in placing A.K., she also testified that termination of Father's parental rights would afford both children stability and permanency, that both children are adoptable, and that their current placements are meeting each child's needs. This court does not reweigh evidence on appeal, *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 81, ¶ 13 (App. 2005), and the case manager's testimony is sufficient to uphold the juvenile court's finding. Father has not shown that the court erred in finding severance is in the children's best interests.

---

[5] Father also challenges the juvenile court's rulings on neglect and the time-in-care grounds as to both children. Because sufficient evidence in the record supports termination based on substance abuse, we need not address Father's contentions as to the other grounds. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002) (holding that if evidence supports termination on any one statutory ground, this court need not consider challenges to the other grounds).

## CONCLUSION

**¶14**         For the foregoing reasons, we affirm the juvenile court's order terminating Father's parental rights.

